USDC SCAN INDEX SHEET

Five Navy Seals, et al v. Associated Press, et al Doc.

JRL 3/22/05 13:14

3:05-CV-00555 FIVE NAVY SEALS V. ASSOCIATED PRESS

*1*

*CMP.*

Dockets.Justia.com

JAMES W. HUSTON (BAR NO. 115596)
DAVID C. DOYLE (BAR NO. 70690)
KRISTINA M. HOY (BAR NO. 220167)
CHARLES S. EVENDORFF (BAR NO. 187119)
MORRISON & FOERSTER LLP
3811 Valley Centre Drive, Suite 500
San Diego, California 92130-2332
Telephone: (858) 720-5100
Facsimile: (858) 720-5125

Attorneys for Plaintiffs
FIVE NAVY SEALS AND JANE DOE

FILED
05 MAR 21 AM 9:04
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FIVE NAVY SEALS AND JANE DOE,

Plaintiffs,

v.

ASSOCIATED PRESS, a New York corporation; SETH HETTENA, an individual; and Does 1 through 50, inclusive,

Defendants.

'05 CV 0555 JM (JMA)
Case No.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT; INVASION OF PRIVACY-CONSTITUTIONAL; INVASION OF PRIVACY-PUBLICATION OF PRIVATE FACTS; INVASION OF PRIVACY-INTRUSION**

[DEMAND FOR JURY TRIAL]

## INTRODUCTION

This is a case about the Associated Press knowingly endangering the lives of active duty servicemen, invading the privacy of a civilian Navy-wife, and distorting the truth in the quest to break the latest unsupported story against our troops in Iraq. An Associated Press reporter, Seth Hettena, apparently stumbled upon one photograph that a Navy-wife digitally stored with an internet photo-storage company. The Navy-wife believed the photographs were secure and password protected; once Seth Hettena found one photograph inadvertently, however, he was able to and did examine all of her nearly 1800 stored personal photographs, including her family and wedding pictures. Seth Hettena took photos from her private album without permission and in violation of the website user agreement. He then published a number of the photographs that showed Navy SEALs in the course of their duties in Iraq, suggesting that the photographs depicted prisoner abuse (which they do not).

Despite being told by the Navy that publishing the photographs without concealing identities would put the lives of the SEALs and their families at risk, Seth Hettena and the Associated Press published the photographs without taking any efforts to conceal their identities. It would have been simple and taken nothing from the story to conceal identifying characteristics in the photographs. The photographs have now been published worldwide, which was acknowledged on December 6, 2004 when Seth Hettena caused to be published a follow-up story that stated that the photos have been "widely published in Arab media."

The publication of the photographs has endangered the lives of the Navy SEALs, some of whom are currently serving in Iraq and others who are expected to return there. At least two of the SEAL's wives have been receiving harassing and threatening telephone calls. In addition to endangering lives, the publication of the photographs has compromised future covert operations. This was all accomplished by a reporter who acknowledged in the article that publication of identifying characteristics could threaten the safety of the Navy SEALs and their families, and who previously wrote an article acknowledging that publication of the identities of members of sensitive operations is a violation of United States law. There is no justification for this senseless invasion of privacy and publication of private facts. Seth Hettena and the Associated Press must

be enjoined from further publication of the photographs without taking steps to conceal the identities of the servicemen, must be ordered to return and make no use of additional private photographs that they wrongfully took, and damages must be awarded to compensate the Navy SEALs and their wives for future career impairment, the threats on their lives, and to deter similar conduct by Seth Hettena and the Associated Press.

## COMPLAINT

Plaintiffs FIVE NAVY SEALS and JANE DOE allege as follows:

## PARTIES

1. Plaintiff JANE DOE is, and at all times mentioned herein was, an individual residing in San Diego County, California, and the wife of a Navy SEAL.

2. Plaintiffs FIVE NAVY SEALS are, and at all times mentioned herein were, individuals residing in San Diego County, California who have or are serving in the United States Navy. NAVY SEAL ONE took some of the photographs published by SETH HETTENA and the ASSOCIATED PRESS.

3. Defendant SETH HETTENA is, and at all times mentioned herein was, an individual residing at 4616 El Cerrito Drive, San Diego, California, and a reporter for the Associated Press.

4. Defendant ASSOCIATED PRESS ("AP") is a corporation organized and existing under the laws of the State of New York, having its principal place of business in New York. It is registered to do business in California.

5. Defendant Does 1 through 50 were at all times relevant herein employees and/or agents of Defendant AP. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will pray leave of this Court to amend this Complaint to allege the true names and capacities of defendants sued as Does 1 through 50, inclusive, when such names and capacities are ascertained.

///

///

///

## VENUE AND JURISDICTION

6. This Court has jurisdiction over this Complaint under 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and pendent jurisdiction.

7. This Court has supplemental jurisdiction over the California state and common law claims pursuant to 28 U.S.C. § 1367 because they so relate to the federal claim that they form a part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 in that Defendants are an individual and a corporation that are subject to general and specific jurisdiction in this district, a substantial part of the events giving rise to Plaintiffs' claims occurred in this district, the wrongful acts of Defendants were directed toward this district, and some of the injury to Plaintiffs occurred in this district.

## GENERAL ALLEGATIONS

9. On or about December 3, 2004, Defendant SETH HETTENA wrote and caused to be published with the AP a story regarding alleged Iraqi prisoner abuse (hereinafter, the "STORY"). The STORY has been published in virtually every major American newspaper, as well as print and broadcast news sources around the world.

10. The STORY states that the "military has launched a criminal investigation into photographs that appear to show Navy SEALs in Iraq ...[s]ome of the photos have date stamps suggesting they were taken in May 2003, which could mean they are the earliest evidence of the possible abuse of prisoners in Iraq." The STORY includes photographs.

11. The STORY explains that, "A reporter found the photos, which have since been removed from public view, while researching the prosecution of a group of SEALs who allegedly beat prisoners and photographed one of them in degrading positions."

12. The STORY falsely states that "An Associated Press reporter found more than 40 of the pictures among hundreds in an album posted on a commercial photo-sharing Web site."

13. In fact, the reporter, Defendant SETH HETTENA, took the photographs from Plaintiff JANE DOE's personal digital photo album without notice or permission.

///

14. The photographs were never on a "commercial photo-sharing Web site."

15. The photographs were electronically stored with an internet corporation, Smugmug, Inc., which provides data storage capacity that enables users to store their photographs on Smugmug's server. Smugmug also provides a service where prints of photographs can be purchased.

16. JANE DOE stored digital photographs on www.smugmug.com. She believed that they were protected from access from any unauthorized users and that a password was required to view the photographs.

17. On information and belief, Defendant SETH HETTENA performed an internet search using words that may have been used as a title for one of the photographs JANE DOE stored on Smugmug. The search results likely included a link to open one of JANE DOE's stored photographs. When Defendant SETH HETTENA opened the link to the single photograph his search revealed, he found that he was able to access the other photographs in Plaintiff JANE DOE's private photograph collection. Defendant SETH HETTENA then looked through all of JANE DOE's private photographs, nearly 1800 in total, which included her wedding pictures, family pictures, and the photographs at issue.

18. Without permission and in violation of the Smugmug User Agreement, Defendant SETH HETTENA downloaded an unknown number of JANE DOE's private photographs.

19. Without JANE DOE's permission and in order to disguise the depth of his intrusion, Defendant SETH HETTENA purchased copies of twenty (20) of the photographs.

20. The twenty purchased photographs are not the same as the photographs Defendants SETH HETTENA and the AP distributed and published with the STORY.

21. The STORY falsely states that the "woman who posted [the photographs] told the AP they were on the camera her husband brought back from Iraq. She said her husband has returned to Iraq."

22. The woman referred to, JANE DOE, never told Defendant SETH HETTENA or the AP that the photographs "were on the camera her husband brought back from Iraq" or that "her husband has returned to Iraq."

23. The photographs did not come from a camera that JANE DOE's husband brought back from Iraq.

24. On or about November 18, 2004, Defendant SETH HETTENA, without invitation or notice, showed up at Plaintiff JANE DOE's private home in San Diego. He apparently identified her through personal information he found in her private photographs. Defendant SETH HETTENA left a note for Plaintiff JANE DOE stating that he found "a series of photographs taken by SEALs in Iraq …on a personal webpage of yours at smugmug.com."

25. At or about the same time, Defendant SETH HETTENA interrogated Plaintiff JANE DOE's neighbors, asking questions about JANE DOE.

26. No person told Defendant SETH HETTENA the statements he claims that JANE DOE made in the STORY.

27. On December 23, 2004, counsel for Plaintiffs served a demand letter on Defendants SETH HETTENA and the AP, in compliance with California Civil Code section 48a(2), that demanded that Defendants' untrue statements be corrected. On December 27, 2004, counsel for the AP responded, denying lack of truthfulness in the statements and refusing to publish a correction.

28. When Defendants SETH HETTENA and the AP published the STORY, they took no efforts to conceal the identities of the Navy SEALs depicted in the photographs, including Plaintiffs FIVE NAVY SEALS.

29. There were easy and reasonable options available to Defendants SETH HETTENA and the AP to protect the identities of the Navy SEALs, such as concealing their faces and name plates. In fact, in the photographs, the identities of the *insurgents and terrorists* were concealed by the SEALs.

30. By failing to conceal the identities of the Navy SEALs, Defendants SETH HETTENA and the AP have jeopardized the lives of Plaintiffs FIVE NAVY SEALS and their families, as well as compromised their future missions and careers.

31. Defendants SETH HETTENA and the AP knew that their actions jeopardized the safety of the Navy SEALs and their families. In the STORY, they quote Naval Special Warfare

personnel, who told them that the photographs could put the Navy SEALs and their families at risk. In fact, on or about September 29, 2004, Defendant SETH HETTENA and the Associated Press published an article stating that identities of the members of sensitive units were not to be disclosed and to do so was a violation of United States law.

32. The photographs have been widely published in the Middle Eastern media. For example, the photographs identifying the Navy SEALs have been repeatedly run by Al Jazeera.

33. One website runs a flashing image of the faces of several SEALs, which were taken from the photographs, with the instruction, "Remember These Faces."

34. The STORY claims that the photographs may show prisoner abuse, despite the fact that they do not.

35. Since the publication of the photographs, Plaintiff JANE DOE has received harassing and threatening telephone calls, which have caused her significant emotional distress.

36. The publication of the identities of Plaintiffs FIVE NAVY SEALS has compromised their future ability to perform their job functions, as well as harmed their future job prospects. As the result of SETH HETTENA and the AP's conduct, Plaintiffs FIVE NAVY SEALS will be foreclosed from future work involving covert missions.

## FIRST CAUSE OF ACTION

### Copyright Infringement

37. Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every allegation of paragraphs 1 through 36, above.

38. Many of the photographs that SETH HETTENA stole from JANE DOE's personal web page were taken by NAVY SEAL ONE. Certain of these photographs contain material wholly original and created by NAVY SEAL ONE that is copyrightable subject matter under the laws of the United States (the "Copyrighted Works"). NAVY SEAL ONE has registered five (5) of the Copyrighted Works (the "Registered Works") with the United States Copyright Office. NAVY SEAL ONE owns, and at all relevant times has owned, the copyright in and the exclusive rights to the Registered Works.

/ / /

39. NAVY SEAL ONE has complied with the provisions of the United States Copyright Act and all other relevant laws governing copyright in connection with the Registered Works.

40. NAVY SEAL ONE is informed and believes that SETH HETTENA and/or the AP copied some or all of the Registered Works without authorization. At least one of the Registered Works was used by the AP and SETH HETTENA and has appeared with the STORY.

41. SETH HETTENA and the AP have, by their actions, willfully infringed upon NAVY SEAL ONE's copyrights and will continue to do so unless enjoined by this Court. Defendants have earned substantial profits and gains by their infringement of NAVY SEAL ONE's copyrights.

42. As a direct and proximate result of the actions of SETH HETTENA and the AP, NAVY SEAL ONE has suffered damages for which there is no adequate remedy at law. NAVY SEAL ONE is entitled to an injunction restraining SETH HETTENA and the AP, their officers, agents, and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

43. NAVY SEAL ONE is further entitled to recover from SETH HETTENA and the AP the damages, including attorneys' fees, that NAVY SEAL ONE has sustained and will sustain, and any gains, profits, and advantage obtained by Defendants SETH HETTENA and the AP as a result of their acts of infringement alleged above, in an amount subject to proof at trial.

## SECOND CAUSE OF ACTION

### Invasion of Privacy–California Constitution

44. Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every allegation of paragraphs 1 through 43 above.

45. Plaintiffs FIVE NAVY SEALS had a legally protected privacy interest in maintaining the confidentiality of their service as covert operatives in Iraq and in not disclosing to the world their private photographs.

46. Plaintiffs FIVE NAVY SEALS had a reasonable expectation of privacy that these photographs would not be published by Defendants SETH HETTENA and the AP. Defendants

SETH HETTENA and the AP's violation of the privacy of Plaintiffs FIVE NAVY SEALS is particularly egregious because the Defendants made no effort to obscure the FIVE NAVY SEALS' faces or identifying characteristics.

47. SETH HETTENA and the AP's conduct have directly and proximately harmed Plaintiffs FIVE NAVY SEALS. Their lives have been threatened worldwide and they are subject to physical danger. In addition, they are subject to the suggestion that they have abused prisoners, when no facts support that claim. Finally, their future job opportunities and career advancement have been impaired. They seek general and special damages, which include but are not limited to, amounts for future career impairment, amounts to secure the safety of their families, and investigation expenses, in an amount according to proof.

48. In making the disclosures described above, SETH HETTENA and the AP are guilty of oppression, fraud, or malice in that they made the disclosures with the knowledge that they would endanger the lives of the Navy SEALs and their families. Plaintiffs FIVE NAVY SEALs therefore seek an award of punitive damages.

49. SETH HETTENA and the AP have continued to disseminate the photographs and likely hold additional photographs that they have not yet disclosed. Unless and until enjoined and restrained by order of this Court, their continued publication will cause great and irreparable injury for which there is no adequate remedy at law. Plaintiffs FIVE NAVY SEALs therefore seek injunctive relief.

## THIRD CAUSE OF ACTION

## Invasion of Privacy - Intrusion

50. Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every allegation of paragraphs 1 through 49 above.

51. Plaintiff JANE DOE had an objectively reasonable expectation of privacy that her private photographs would not be stolen and published by Defendants SETH HETTENA and the AP.

52. Defendants SETH HETTENA and the AP invaded Plaintiff JANE DOE's privacy when Defendant SETH HETTENA rooted around her private collection of nearly 1800

photographs and downloaded and published photographs that he knew did not belong to him, and which the Smugmug User Agreement forbade him from downloading.

53. Defendants SETH HETTENA and the AP's examination of JANE DOE's personal photographs, downloading of photographs, and publication of photographs in blatant disregard of Plaintiffs' personal safety are offensive and objectionable to the reasonable person.

54. The private facts discovered by SETH HETTENA and the AP were intrusive in great disproportion to their relevance because the use of the Navy SEALs identifiable images added nothing to public discourse on the issue of prisoner treatment.

55. SETH HETTENA and the AP's conduct has directly and proximately harmed Plaintiff JANE DOE. She has been exposed to contempt and ridicule, all to her general and special damages, which include but are not limited to travel expenses, investigation expenses, expenditures to secure personal safety, and long-distance telephone charges, in an amount according to proof.

56. In making the disclosures described above, SETH HETTENA and the AP are guilty of oppression, fraud, or malice in that they made the disclosures with the knowledge that they would endanger the lives of the FIVE NAVY SEALS and JANE DOE. Plaintiff JANE DOE therefore seeks an award of punitive damages.

57. SETH HETTENA and the AP have continued to disseminate the photographs and hold additional photographs that they have not yet disclosed. Unless and until enjoined and restrained by order of this Court, their continued publication will cause great and irreparable injury for which there is no adequate remedy at law. Plaintiff JANE DOE therefore seeks injunctive relief.

**FOURTH CAUSE OF ACTION**

**Invasion of Privacy - Publication of Private Facts**

58. Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every allegation of paragraphs 1 through 57 above.

59. SETH HETTENA and the AP publicly disclosed the identities and identifying characteristics of Plaintiffs FIVE NAVY SEALS.

60. The identities and identifying characteristics of Plaintiffs FIVE NAVY SEALS depicted in the photographs are private facts.

61. The disclosure of the identities of Plaintiffs FIVE NAVY SEALS during a time of war, when some of them continue to serve their country in Iraq and others are expected to return there, is offensive and objectionable to the reasonable person in that endangering the lives of the men who are serving this country is unconscionable.

62. The identities of the Navy SEALs was not a legitimate public concern. SETH HETTENA and the AP could have told the same (albeit untrue) story with the identities concealed.

63. SETH HETTENA and the AP's conduct have directly and proximately harmed Plaintiffs FIVE NAVY SEALS. Their lives have been threatened worldwide and they are subject to physical danger. In addition, they are subject to the suggestion that they have abused prisoners, when no facts support that claim. Finally, their future job opportunities and career advancement have been impaired. They seek general and special damages, which include but are not limited to amounts for future career impairment, amounts to secure the safety of their families, and investigation expenses, in an amount according to proof.

64. In making the disclosures described above, SETH HETTENA and the AP are guilty of oppression, fraud, or malice in that they made the disclosures with the knowledge that they would endanger the lives of the FIVE NAVY SEALs and their families. Plaintiffs FIVE NAVY SEALS therefore seek an award of punitive damages.

65. SETH HETTENA and the AP have continued to disseminate the photographs and likely hold additional photographs that they have not yet disclosed. Unless and until enjoined and restrained by order of this Court, their continued publication will cause great and irreparable injury for which there is no adequate remedy at law. Plaintiffs FIVE NAVY SEALS therefore seek injunctive relief.

///

///

///

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs JANE DOE and FIVE NAVY SEALS request the Court to grant the following relief:

1. For general damages according to proof;
2. For special damages according to proof;
3. For punitive damages;
4. For a preliminary injunction and permanent injunction barring SETH HETTENA and the AP from making any further use of the photographs and requiring them to protect the identities of the Navy SEALs that have already been disclosed;
5. Costs and attorneys' fees; and
3. Such other and further relief as this Court deems just and proper.

Dated: March 18, 2005

MORRISON & FOERSTER LLP

By: [signature]
James W. Huston

Attorneys for Plaintiffs
FIVE NAVY SEALS AND JANE DOE

AO 121 (6/90)

| TO: Register of Copyrights<br>Copyright Office<br>Library of Congress<br>Washington, D.C. 20559 | **REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL REGARDING A COPYRIGHT** |
|---|---|

*In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the* following copyright(s):

| ☐ ACTION | ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|---|
| DOCKET NO.<br>05cv055JM(JMA) | DATE FILED<br>3/21/05 | United States District Court, Southern District of California<br>880 Front Street, Room 4290<br>San Diego, CA 92101-8900 |
| PLAINTIFF<br>Five Navy Seals and Jane Doe | | DEFENDANT<br>Associated Press |

| **COPYRIGHT REGISTRATION NO.** | **TITLE OF WORK** | **AUTHOR OF WORK** |
|---|---|---|
| 1 See attached complaint | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY ☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading | |
|---|---|---|
| **COPYRIGHT REGISTRATION NO.** | **TITLE OF WORK** | **AUTHOR OF WORK** |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case,a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Register of Copyrights Copy 2 - Upon filing of document adding copyrights, mail this copy to Registrer of Copyrights

Copy 3 - Upon termination of action, mail this copy to Registrer of Copyrights Copy 4 - In the event of appeal, forward this copy to the Appellate Court so they can prepare a new AO 279 for the appeal

Copy 5 - Case file copy

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

FIVE NAVY SEALS and JANE DOE

## DEFENDANTS

ASSOCIATED PRESS; SETH HETTENA, and DOES 1 through 50, inclusive

FILED
05 MAR 21 AM 9:04
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Morrison & Foerster LLP
3811 Valley Centre Drive
Suite 500
San Diego, California 92130
(858) 720-5100

ATTORNEYS (IF KNOWN)

'05 CV 0555 JM (JMA)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Copyright Infringement - 28 U.S.C Section 1331 and 1338(a) and (b).

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Medical Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [X] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (13958)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reappointment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motion to Vacate Sentence

HABEAS CORPUS:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Conditions

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE ____ Docket Number ____

DATE 3/18/05

SIGNATURE OF ATTORNEY OF RECORD
James W. Huston, Esq.

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

Pd $250.00 3/21/05 #112104 PB