USDC SCAN INDEX SHEET

Five Navy Seals, et al v. Associated Press, et al Doc. 2

TKL 5/2/05 9:07

3:05-CV-00555 FIVE NAVY SEALS V. ASSOCIATED PRESS

*28*

*RESP.*

Dockets.Justia.com

Robert G. Steiner, State Bar No. 027684
Gregory D. Roper, State Bar No. 087019
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Facsimile No.: 619.232.8311

David A. Schulz, (pro hac vice pending)
Seth D. Berlin
Audrey Critchley, State Bar No. 228119
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
230 Park Avenue, Suite 1160
New York, New York 10169
Telephone No.: 212.850.6100
Facsimile No.: 212.850.6299

Attorneys for DEFENDANTS

FILED
05 APR 29 PM 12:42
BY DEPUTY

ORIGINAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOUR NAVY SEALS AND JANE DOE,<br><br>Plaintiffs,<br><br>v.<br><br>ASSOCIATED PRESS, a New York Corporation; SETH HETTENA, an individual; and Does 1 through 50, inclusive,<br><br>Defendants. | Case No. 05 CV 0555 JM (JMA)<br><br>**RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE DECLARATION OF SETH HETTENA**<br><br>Date: May 6, 2005<br>Time: 11:00 a.m.<br>Ctrm.: 6<br><br>Hon. Jeffrey T. Miller<br><br>Complaint filed: March 21, 2005 |

Defendants Associated Press and Seth Hettena, hereby respond to Plaintiffs Four Navy SEALs and Jane Doe's objections to the Declaration of Seth Hettena in Support of Defendants' Motion to Dismiss and Strike. For all of the reasons stated below each of plaintiffs' objections should be denied.

| DEFENDANTS' EVIDENCE | PLAINTIFFS' OBJECTIONS | DEFENDANTS' RESPONSE |
| --- | --- | --- |
| I submit this declaration in support of defendants' motion to dismiss the Amended Complaint, which challenges a true and accurate news report concerning photographs of Navy SEALS and their injured prisoners that I found posted on a public Internet website. | **Improper Legal Opinion (Fed. Rule Evid. 701); Lacks Foundation; Misstates Evidence** | The foundation for these statements is established in paragraphs 10 through 18 of Mr. Hettena's Declaration verifying the availability of public access to the photographs. Mr. Hettena's statements of his beliefs and state of mind are appropriate since they are germane to the issues of whether the disclosure and alleged intrusion were offensive or objectionable to a reasonable person under the circumstances. In addition, plaintiffs have raised issues concerning journalistic standards which put at issue Mr. Hettena's belief and understanding concerning the information he obtained on the Internet. |
| The lawsuit arises out of a news report about photographs of Navy SEALS capturing and posing with Iraqi prisoners that I found posted on the World Wide Web where they were available for anyone to see. | **Argumentative; Lacks Foundation** | |
| In some photos the SEALs were smiling for the cameras while sitting atop hooded and bound prisoners in the bed of a pickup truck; in others the officers mugged and appeared to mock the prisoners. | **Argumentative; Misstates Evidence** | |
| The photos I found posted on the Internet included one that showed the petty officer who was facing the charges of abuse. | **Irrelevant** | Analysis of the offensive and objectionable issue as to the privacy claims cannot be made without consideration of the information already known to Mr. Hettena as he made his decisions with regard to the information that he found on the Internet. His knowledge and state of mind with regard to events occurring in other investigations is relevant not only to this issue but also to the issues of whether |
| The prosecutions in San Diego arose out of the death of a prisoner in Iraq, who had been held by navy SEALs until shortly before he died in CIA custody at Abu Ghraib prison in November 2003. According to court documents, the SEAL punched, kicked and struck the prisoner with their rifles before he was | **Irrelevant (Fed. Rule Evid. 402); Hearsay (Fed. Rule Evidence 801)** | |

| DEFENDANTS' EVIDENCE | PLAINTIFFS' OBJECTIONS | DEFENDANTS' RESPONSE |
|---|---|---|
| turned over to the CIA. The charges brought against the nine SEALs included aggravated assault with intent to cause bodily harm and dereliction of duty. | | the information was of legitimate public concern and in evaluating the opinions that plaintiffs have offered concerning journalistic standards. That a petty officer who Mr. Hettena knew was already under investigation for abuse appeared in a photograph at issue is highly relevant to these issues. This evidence of Mr. Hettena's state of mind, beliefs, and knowledge is excepted from the hearsay rule under both the Federal Rules of Evidence (FRE) and the California Evidence Code (CEC). FRE 803(3); CEC § 1250(a). |
| The prosecutions I was covering also accused the SEALs of posing for photographs with the abused prisoner, which is itself a violation of Navy regulations. One of the photographs that formed the basis for this charge, which I saw when it was offered as a court exhibit, showed a Navy SEAL holding a can of Red Bull energy drink while he and others were posed around the prisoner. Another photo offered into evidence showed the petty officer and a SEAL pointing their guns at the prisoner. | **Improper Legal Opinion (Fed. Rule Evid. 701); Hearsay (Fed. Rule Evidence 801); Irrelevant (Fed. Rule Evid. 402)** | |
| I understand that, in addition to the San Diego prosecutions, other investigations into the conduct of SEALs in Iraq remain currently ongoing. Recently released Army documents show that there had been widespread concern within the military about abuse of prisoners while in the custody of SEALs units in Iraq. Brig. Gen. Richard P. Formica has investigated detention practices by all of the special operations forces in Iraq. His report, however, has not been released. | **Irrelevant (Fed. Rule Evid. 402); Hearsay (Fed. Rule Evidence 801); Lacks Foundation** | |
| I understand that smugmug.com where this folder was posted is a | **Improper Technical Opinion (Fed. Rule Evid. 701);** | Paragraphs 10 through 18 of Mr. Hettena's Declaration established the foundation. |

| DEFENDANTS' EVIDENCE | PLAINTIFFS' OBJECTIONS | DEFENDANTS' RESPONSE |
| --- | --- | --- |
| commercial photosharing website, where individuals may post their photographs to the Internet for others to see and copy. The Camp Jenny Pozzi folder was readily located by Google and publicly available for anyone freely to inspect. The website looked just like any other public website located by Google, and I had no sense that the site was not fully intended to be available for general public viewing. | **Lacks Foundation** | As explained previously, Mr. Hettena's knowledge, belief, and information concerning these matters is appropriate not only on the issues raised by plaintiffs' claim but also on the journalism issues plaintiffs raise with their evidence. |
| Although she declined to say whether her husband was a SEAL, she confirmed my impression that these were indeed images of Navy personnel and prisoners in Iraq. She told me she had "dumped" into a folder on the website all of the photos that her husband had brought back from Iraq. She also told me that they were "CIA photos," explaining that the men in the photos captured the detainees at the behest of the Central Intelligence Agency. | **Hearsay (Fed. Rule Evidence 801)** | Pursuant to FRE 801(d)(2)(A) the statements are not hearsay. Pursuant to CEC § 1220 the statements are excepted from the hearsay rule. As explained above, information known to Mr. Hettena and affecting his state of mind also is excepted from the hearsay rule for all the reasons that Mr. Hettena's knowledge, information, and state of mind are relevant. |
| When I presented the photographs to Commander Bender, the Navy promptly announced that it was opening a preliminary investigation into both the conduct depicted in the photographs and how the photographs came into the hands of the civilian who had publicly posted them on the Internet. | **Hearsay (Fed. Rule Evidence 801); Lacks Foundation** | As explained above with regard to information known to and obtained by Mr. Hettena affecting his state of mind, the objections are inappropriate. If the hearsay objection challenges the accuracy of the Navy's |

| DEFENDANTS' EVIDENCE | PLAINTIFFS' OBJECTIONS | DEFENDANTS' RESPONSE |
|---|---|---|
| A few weeks later, the Navy announced that the Naval Special Warfare Command had taken over the investigation, to take a more thorough look at the facts and circumstances surrounding the photographs, and that this investigation could lead to disciplinary proceedings. | **Hearsay (Fed. Rule Evidence 801); Lacks Foundation** | statements, it must be denied because the information released by the Navy goes to Mr. Hettena's state of mind even if the Navy's statements were inaccurate. |
| The facts reported by me on December 3, 2004 are true and accurate in all respects, to the best of my knowledge, information and belief. | **Lacks Foundation; Misstates Evidence** | |
| Exhibit C. | **Irrelevant; Lacks Foundation** | |

For the foregoing reasons, plaintiffs' objections should be denied.

DATED: April 29, 2005

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

LUCE, FORWARD, HAMILTON & SCRIPPS, LLP

By: [signature]
Robert G. Steiner
Attorneys for DEFENDANTS
ASSOCIATED PRESS and SETH HETTENA

2063314.1