USDC SCAN INDEX SHEET

Five Navy Seals, et al v. Associated Press, et al Doc. 4

TKL 9/1/05 10:48

3:05-CV-00555 FIVE NAVY SEALS V. ASSOCIATED PRESS

*40*

*STIPO.*

Dockets.Justia.com

FILED

05 SEP -1 AM 8:47

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

Robert G. Steiner, State Bar No. 027684
Gregory D. Roper, State Bar No. 087019
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Facsimile No.: 619.232.8311

David A. Schulz, (Pro Hac Vice)
Seth Berlin
Audrey Critchley, State Bar No. 228119
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
230 Park Avenue, Suite 1160
New York, New York 10169
Telephone No.: 212.850.6100
Facsimile No.: 212.850.6299

Attorneys for DEFENDANTS

**ORIGINAL**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FOUR NAVY SEALS AND JANE DOE,

Plaintiffs,

v.

ASSOCIATED PRESS, a New York Corporation; SETH HETTENA, an individual; and Does 1 through 50, inclusive

Defendants.

Case No. 05 CV 0555 JM (JMA)

**STIPULATION FOR DISMISSAL OF THE ENTIRE ACTION WITH PREJUDICE FRCP 41(1) AND ~~PROPOSED~~ ORDER**

40



ENTERED ON 9/1/05

On or about July 12, 2005, the Court granted Defendants' Motion to Dismiss and Motion to Strike pursuant to California Code of Civil Procedure § 425.16, a true and correct copy of the Order is attached as Exhibit A.

As the result of the Order, the Defendants are entitled to recover certain fees and costs in conjunction with their Motion to Strike pursuant to California Code of Civil Procedure § 426.16, while the Plaintiffs have a right to appeal and leave to amend their copyright claim.

The parties have agreed to a complete dismissal of this action with prejudice. Defendants agree to forego their claim for attorneys' fees and costs and Plaintiffs agree to forego proceeding on the copyright claim, as well as waive their right to appeal.

**IT IS SO STIPULATED.**

DATED: August 29, 2005 MORRISON & FOERSTER LLP

By: [signature]
James W. Huston
Attorneys for PLAINTIFFS

DATED: August 29, 2005 LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: [signature]
Robert G. Steiner
Attorneys for DEFENDANTS

**ORDER**

IT IS SO ORDERED:

DATED: 8/31, 2005 [signature]
Jeffrey T. Miller
Judge, United States District Court

FILED
05 JUL 12 AM 9:09
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FOUR NAVY SEALS AND JANE DOE,
Plaintiffs,
vs.
ASSOCIATED PRESS, SETH HETTENA, et al.,
Defendants.

CASE NO. 05 CV 0555 JM (JMA)

ORDER GRANTING MOTION TO DISMISS, MOTION TO STRIKE PURSUANT TO CAL. CODE CIV. PRO. 425.16

This case pits the privacy interests of individuals against the freedom of the press. The Complaint alleges that Defendants, Seth Hettena and the Associated Press ("AP"), invaded Plaintiffs' privacy rights by discovering photos and widely distributing them along with a news story suggesting that some Navy SEALs potentially engaged in abuse of Iraqi prisoners. The first cause of action is for copyright infringement. The second claim alleges that Defendants invaded the SEALs' rights to privacy under the California constitution. The third cause of action alleges that Defendants intruded upon Jane Doe's seclusion, and the fourth claim alleges that Defendants publicly disclosed private facts about the SEAL plaintiffs. Defendants have moved to dismiss the Complaint for failure to state a claim, and strike the Complaint pursuant to California Code of Civil Procedure § 425.16, a section known as the Anti-Strategic Lawsuits Against Public Participation ("Anti-SLAPP") statute. The court held oral arguments on the Defendants' motions on June 1, 2005. For the reasons outlined below, the court grants both the motion to dismiss and the motion to strike.

37

## I. Background

The following facts, forming the basis of the court's rulings, have been drawn from the Complaint and evidence presented in support of and opposition to the motion to strike, but do not constitute ultimate findings of fact by the Court. Essentially, there is no material factual dispute between the parties, and neither side has suggested that discovery is necessary to further define the contours of this case as a predicate for the Court to rule on the motion to strike.

In the spring of 2004, reports and photographs of United States soldiers abusing Iraqi prisoners in Abu Ghraib emerged, igniting concern, criticism, and condemnation at home and abroad. In May of 2004, United States military officials announced that some members of the elite Navy Sea, Air, Land ("SEAL") unit were under investigation for the beating death of bombing suspect Mon Adel al Jamadi, captured by SEALs in Iraq in November of 2003.

Seth Hettena, a reporter for the AP in San Diego, wrote a number of stories about alleged abuse of Iraqi prisoners by members of the United States' armed forces. In the process of investigating a story in December of 2004, Hettena conducted an internet search utilizing the popular search engine Google, and the entry "Camp Jenny Pozzi," a Navy SEAL facility in Iraq. The search yielded a website, www.smugmug.com ("smugmug"), that contained a folder called "Camp Jenny Pozzi" that consisted of numerous digital photographs of Navy SEALs conducting operations in Iraq. This website was an account maintained by plaintiff Jane Doe, a wife of one of the SEAL plaintiffs herein. Jane Doe had uploaded the digital photographs to her "smugmug" account believing that they would not be available to the general public. Hettena downloaded thirteen of the photos depicting Navy SEALs with Iraqi captives, and immediately printed copies without the necessity of keying any password, entering a code, or incurring a monetary charge. Hettena had not obtained Jane Doe's permission to download or purchase prints of the digital photos in her "smugmug" account. Nor had Hettena observed any notice of privacy or requirement of permission when he had accessed the account.

Once in possession of the photos, Hettena contacted a spokesman for the SEALs to ask

about the photos. The Navy announced then that it was opening a criminal investigation into the conduct depicted in the photos. On December 3, 2004, Hettena wrote an article about potential Iraqi prisoner abuse by SEALs that was transmitted to AP subscribers. The AP offered to accompany the article with copies of thirteen color photographs downloaded by Hettena. Virtually every major American newspaper chose to publish Hettena's article and some of the news outlets chose to publish certain of the photos accompanying Hettena's article.

These photos do purport to show uniformed United States military personnel, with their faces clearly depicted, in the process of subduing and/or detaining individuals who, in turn, appear to be detainees or prisoners. In some photos, the military personnel appear to be mugging or grinning for the camera. In other photos, the military personnel are shown to be sitting on, lying atop, or stepping on detainees, some of whom are hooded. Finally, a few photos show military personnel pointing a firearm at a prisoner's bloody head at point blank range.[1]

For purposes of these motions, it is undisputed that: (1) the faces of some of the plaintiff SEALs are clearly shown, by profile or head-on, in the subject photos, (2) none of the names of the Plaintiffs have been published by Defendants, and (3) the article did mention that the military personnel appear to be members of SEAL Team Five, based in Coronado, California.

After the AP subscribers published Hettena's article, the photos were circulated in worldwide media outlets, generating considerable reaction, some negative. Plaintiffs allege that the publication of the photographs with their faces shown has endangered their lives, and two of the plaintiff SEALs' wives have received threatening phone calls related to this incident.[2]

---

[1] The AP distributed the photos without altering them, in accordance with its policy. In the photos on "smugmug", the faces of the prisoners had been blacked out, presumably by the SEAL who took the photos.

[2] It is important to underscore that Plaintiffs do not seek to enjoin publication of either articles or photographs or this story, but only further depiction of Plaintiffs' faces in the subject photographs.

At the end of December, Plaintiffs, five unnamed Navy SEALs and Jane Doe[3], filed a complaint in state court against AP, but did not serve the complaint. On March 21, 2005, Plaintiffs filed this suit, asserting a federal claim of copyright infringement and three state law invasion of privacy claims. This court may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because all of the claims arise out of the same occurrence and form part of the same controversy. The first claim in the Complaint alleges copyright infringement; the second claim is for invasion of privacy under the California Constitution; the third claim is for intrusion upon seclusion; and the fourth claim is for publication of private facts. Plaintiffs seek damages and injunctive relief in the form of an order (1) prohibiting Defendants from further use of the photos, and (b) requiring Defendants "to protect the identities of the Navy SEALs that have already been disclosed."

Plaintiffs filed a first amended complaint on April 6, 2005, identical to the initial federal complaint, but with one less SEAL plaintiff. On April 8, 2005, Defendants moved to strike the Complaint pursuant to section 425.16 of the California Code of Civil Procedure, and moved to dismiss all causes of action in the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Discussion

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

#### 1. Legal Standards for Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. Such a dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). In applying this standard, the court must treat all of plaintiff's factual allegations as true. See Experimental Eng'g, Inc. v. United Technologies Corp., 614 F.2d 1244, 1245 (9th Cir. 1980). To dismiss with prejudice, the court must determine that the plaintiff would not

[3] the SEAL's wife who posted the photos on her "smugmug" account

be entitled to relief under any set of facts that could be proven. See Reddy v. Litton Indus., 912 F.2d 291, 293 (9th Cir. 1990), cert. denied, 502 U.S. 921 (1991).

**2. Invasion of Privacy Under the California Constitution**

The motion to dismiss the first claim, for copyright infringement, is discussed below. The second cause of action in the Complaint alleges that Defendants violated the SEAL plaintiffs' privacy interest in "maintaining the confidentiality of their service as covert operatives in Iraq and not disclosing to the world their private photographs." (Compl. ¶ 45). Presumably, this claim is based upon Article 1, Section 1 of the California Constitution. That section, which was specifically amended by voters in 1972 in order to grant a right of privacy, states, "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." The California Supreme Court in Hill v. National Collegiate Athletic Assn. held that the state constitutional privacy provision applies to "private as well as government entities." 7 Cal. 4th 1, 20 (1994). The constitutional provision, in itself, creates a legal and enforceable right of privacy for every Californian. White v. Davis, 13 Cal. 3d 757, 775 (1975).

A plaintiff alleging a violation of the state constitutional right to privacy must establish the following "threshold elements": (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy. Hill, 7 Cal. 4th at 39-40. If the plaintiff meets this preliminary test, the court then balances the justification for the conduct in question against the intrusion on privacy. Loder v. City of Glendale, 14 Cal. 4th 846, 893 (1997).

As a matter of law, Plaintiffs have failed to state a cause of action for invasion of their state constitutional privacy interest. This conclusion is based on the fact that Plaintiffs have not, and cannot, adequately plead facts supporting a conclusion that any expectation of privacy as to their photographs would be reasonable under the circumstances of this case. The SEAL plaintiffs were active duty military members conducting wartime operations in full uniform who chose to allow their activities to be photographed and placed on the internet. In this

context, it would not be reasonable for anyone to expect the images to remain private.

Additionally, the conclusion that Plaintiffs failed to state a claim for invasion of their California constitutional privacy interests is supported by a lack of allegations that Defendants' conduct constituted a serious invasion of privacy. "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." Hill, 7 Cal. 4th at 37. An example of conduct seriously invading privacy is the stalking and filming of neighbors in their home. Egan v. Schmock, 93 F. Supp. 2d 1090 (N.D. Cal. 2000). Another example of egregious conduct invading privacy is a law firm's disclosure of the irrelevant HIV status of a litigant in an automobile accident case. Jeffrey H. v. Imai, Tadlock & Keeney, 85 Cal. App. 4th 345, 355 (2000). Here, Hettena's act of downloading photos from a publicly-accessible website and writing an article about potential prisoner abuse by SEALs was not an egregious breach of social norms underlying the state privacy right. Similarly, the AP's act of publishing Hettena's story with the accompanying lawfully-obtained photos was not a serious invasion of the SEAL plaintiffs' privacy.

Although Plaintiffs claim that in a privacy invasion claim under the California Constitution, a plaintiff may rebut a defendant's assertion of countervailing interests by showing there are feasible and effective alternatives to the defendant's conduct,[4] this consideration is not reached in this case because Plaintiffs have failed to establish the essential elements of a prima facie privacy invasion claim, as discussed above. The claim for invasion of the SEAL plaintiffs' privacy rights under the California Constitution is **DISMISSED**, with prejudice, as Plaintiffs are not entitled to relief under the facts alleged or under any conceivable set of facts that could be alleged.

**3. Disclosure of Private Facts**

The Complaint's fourth claim is for invasion of privacy by disclosing private facts, namely the SEALs' identifying characteristics. In order to prevail on a disclosure of private facts claim, a plaintiff must establish the following elements: (1) public disclosure; (2) of a

[4] citing Loder v. City of Glendale, 14 Cal. 4th 849, 891 (1997).

private fact; (3) offensive to a reasonable person; and (4) not a legitimate public concern. Shulman, 18 Cal. 4th at 214. Neither party challenges the first element of public disclosure.

a. Private Fact

The parties disagree most strongly on whether Defendants disclosed a private fact. Plaintiffs argue that their identities, meaning their facial images, are private facts and not newsworthy, and that their lives have been placed in danger because of Defendants' publication. Defendants respond that the faces of the SEALs were not private because they were active duty soldiers whose facial images had been made public through the act of internet posting.

In order to state a claim for invasion of privacy under California common law, a plaintiff must allege facts sufficient to establish that he had a "personal and objectively reasonable expectation of privacy." Cramer v. Consol. Freightways, Inc., 209 F.3d 1122, 1130 (9th Cir. 2000). The only case that Plaintiffs cite in favor of their argument that their identities are private is M.G. v. Time Warner, Inc., 89 Cal. App. 4th 623 (2001). In M.G., Sports Illustrated magazine ran a cover story about child molesters involved in youth sports, and reported that one California Little League coach had a history of molesting children, many of whom he met through Little League. Id. at 625. The article named the criminally-convicted coach and included a team photograph that partially revealed the name of the team and showed the faces of the boys, many of whom were victims. The M.G. court held that several state laws and general public policy concerns prohibited disclosure of the identities of juvenile molestation victims, and found that showing the boys' faces unnecessarily intruded on their privacy interests more than journalistic interest justified. Id. at 635-36.

Unlike the plaintiffs in M.G., Plaintiffs are, and were, adult members of the United States military in full uniform conducting wartime operations. Plaintiffs themselves took the photos during their operations and Jane Doe posted them on the internet. Numerous cases hold that there is no privacy for a matter already in the public domain. See Sipple v. Chronicle Publishing, 154 Cal. App. 3d 1040, 1047 (1984) (plaintiff's sexual orientation was known to hundreds of people before defendants disclosed it in connection with his heroic act of saving

the President's life; therefore "there can be no privacy with respect to a matter which is already public"); Brewer v. Hustler Magazine, Inc., 749 F.2d 527, 529-30 (9th Cir. 1984) (no cause of action for violation of right to privacy when plaintiff already published a photograph of himself by distributing it to approximately 200 people in the advertising industry); Gill v. Hearst Publishing Co., 40 Cal. 2d 224, 253 P.2d 441, 444-51 (1953) (no expectation of privacy because plaintiffs voluntarily exposed themselves to public gaze in their ice cream shop, which was open to the public). In sum, Plaintiffs lack a privacy interest in their faces under these circumstances where they photographed themselves while capturing or detaining prisoners and thereafter allowed the posting of the photos on the internet. Plaintiffs can take no refuge in their allegation that they intended that only certain individuals could gain access to the web site. An objectively reasonable person could not expect such photos to remain private under these circumstances.

**b. Highly Offensive Conduct**

Plaintiffs fail to adequately plead that Defendants engaged in the type of conduct "highly offensive to a reasonable person" required for the disclosure of private facts tort. "A court determining the existence of 'offensiveness' [should] consider the degree of intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." Miller v. National Broadcasting Co., 187 Cal. App. 3d 1463, 1483 (1986). One example of offensive conduct is that which was addressed in Miller, where a television crew's entry into a private home with paramedics and filming a man dying of a heart attack without gaining permission from his wife. Id. Another example occurred in Noble v. Sears, Roebuck & Co., where an investigator hired by a defendant in a personal injury suit who gained admission to the plaintiff's hospital room, and, through deception, obtained the address of a potential witness. 33 Cal. App. 3d 654, 659 (1973). In Vescovo v. New Way Enterprises, Ltd., a third example of highly offensive conduct was a newspaper's publishing of a woman's name and address in conjunction with a sexually explicit classified advertisement, without her consent or knowledge, resulting in over 100 men showing up at the woman's house, creating

disturbances, and demanding to see her. 60 Cal. App. 3d 582, 587-88 (1976). Conversely, a newspaper's publishing of photographs of an undercover narcotics officer was not outrageous behavior, even if the publication jeopardized the officer's safety and efficacy. Ross v. Burns, 612 F.2d 271 (6th Cir. 1980). In Sacramento County Deputy Sheriffs' Assn. v. Sacramento, video surveillance of an office in the booking area of a jail was not offensive where the goal was to catch a thief, and the plaintiffs had little expectation of privacy. 51 Cal. App. 4th 1468, 1487 (1996).

In this case, locating photos posted on the internet and writing an accompanying story about potential Iraqi prisoner abuse is not the type of offensive conduct typically associated with the tort of publication of private facts. The degree of intrusion was minimal; Hettena merely conducted a search on the internet, and used no deception in locating and downloading the images. The context of the search, Defendants' effort to report on potential abuse of Iraqi prisoners in the wake of the Abu Ghraib scandal, also demonstrates that Hettena's actions were not offensive. The setting into which Defendants intruded, a publicly-accessible website, was one in which a reasonable person would not expect privacy. The Associated Press merely distributed a truthful story, with photos that depict a topic of great public interest. As a matter of law, Defendants' alleged conduct was not offensive.

**c. Public Concern / Newsworthiness**

Newsworthiness, otherwise known as legitimate public concern, is a bar to liability in the publication of private facts tort. Shulman, 18 Cal. 4th at 215. Courts must decide whether a publication is newsworthy based upon: (1) the social value of the published facts; (2) the extent of the intrusion into ostensibly private matters, and (3) the extent to which a party voluntarily assumed a position of public notoriety. Times-Mirror Company v. Superior Court of San Diego County, 198 Cal. App. 3d 1420, 1428 (1988). Newsworthiness depends upon the logical relationship or nexus between the event that brought the plaintiff into the public eye and the particular facts disclosed, so long as the facts are not intrusive in great disproportion to their relevance. Shulman, 18 Cal. 4th at 215.

Defendants argue that the fact that almost every major American newspaper chose to

print the story indicates that the topic is inherently newsworthy. Plaintiffs argue that the faces of individual SEALs are not newsworthy, and cite a number of cases denying summary judgment on the issue of newsworthiness in other contexts.

In this case, the social value of the published facts is readily apparent; the public has demonstrated an intense interest in, and concern about, Iraqi prisoner abuse scandals involving the American military. As analyzed above, the extent of Defendants' intrusion into an ostensibly private matter was negligible. Plaintiffs voluntarily assumed a position of public notoriety when they photographed themselves engaged in actions that seemed to suggest possible mistreatment of captive Iraqis and then allowed Jane Doe to post the photos on the internet, albeit on a site they erroneously believed would be somewhat restricted. Although the SEALs argue that their faces were not newsworthy and could have been obscured, an examination of the series of photos compels the conclusion that the expressions on the SEALs' faces form an integral part of the story about potential mistreatment of captives.

Because the publication was newsworthy, Defendants' conduct was not offensive, and no private facts were disclosed, the claim for invasion of private facts is **DISMISSED** for failure to state a claim upon which relief could be granted. Given the circumstances in this case, allowing Plaintiffs to amend the publication of private facts claim would be futile. Therefore, claim four is dismissed with prejudice.

**4. Intrusion Upon Seclusion**

In the third claim, Jane Doe alleges that Defendants intruded upon her seclusion by downloading photographs from her "smugmug" account. The elements of this common law tort claim are: (1) intentional intrusion into a private place, conversation or matter; and (2) in a manner highly offensive to a reasonable person. Sanders v. Am. Broad. Cos., 20 Cal. 4th 907, 978 (1999).

Jane Doe asserts that her "smugmug" account was personal, that she did not intend for any search engine to find the photos, and that she told very few people about her "smugmug" account. Defendants claim that there was no intrusion and no offensive conduct.

**a. Expectation of Seclusion**

To prevail on the first element of the tort of intrusion upon seclusion, a plaintiff must show: (a) an actual, subjective expectation of seclusion or solitude, and (b) that the expectation was objectively reasonable. Medical Lab. Mgmt. Consultants v. ABC, 306 F.3d 806 (9th Cir. 2002). Although the Complaint sufficiently alleges Jane Doe's subjective expectation of seclusion, Jane Doe has not adequately alleged that Doe's expectation of seclusion was reasonable because one cannot reasonably expect the internet posting of photos to be private. Other jurisdictions have found that there is no reasonable expectation of privacy in transmissions over the internet. See U.S. v. Lifshitz, 369 F.3d 173, 190 (2d Cir. 2004) (stating that individuals may not reasonably expect privacy in transmissions over the internet); Guest v. Leis, 255 F.3d 325, 333 (6th Cir. 2001) (holding that internet bulletin board users lacked standing to assert an expectation of privacy in materials intended for publication or posting on the bulletin board.). As a matter of law, based upon the circumstances in this case, Doe did not have an objectively reasonable expectation of privacy in the photos.

**a. Highly Offensive Manner**

Even if a journalist's conduct is offensive, the motive to gather news can negate the offensiveness element. "Information collecting techniques that may be highly offensive when done for socially unprotected reasons--for purposes of harassment, blackmail, or prurient curiosity, for example--may not be offensive to a reasonable person when employed by journalists in pursuit of a socially or politically important story." Medical Lab., 306 F.3d at 1190.

The undisputed facts as alleged by Plaintiffs demonstrate that any intrusion by Defendants was *de minimis* and thus not highly offensive to a reasonable person. Conducting an internet search and downloading photos from a photo storage and sharing website under the alleged circumstances of this case are acts that do not rise to the level of exceptional prying into another's private affairs as required for the offensiveness element of intrusion upon seclusion. Even if Defendants' actions had been offensive, which they were not, the pursuit of such a potentially important story in the manner alleged did not constitute highly offensive conduct by Hettena and the AP. The claim for intrusion upon seclusion is **DISMISSED** for

failure to state a claim upon which relief can be granted. Under the circumstances of this case, Doe would not be entitled to relief under any set of facts that could be proven, so the dismissal is with prejudice.

**5. Copyright Infringement**

The first claim alleges that Defendants infringed upon a copyright owned by one of the Plaintiffs. Defendants urge the court to dismiss this claim, arguing that it does not satisfy the pleading standards of Rule 8. The Court interprets Defendants' Rule 8 argument as a motion to compel a more definite statement under Rule 12(e). Alternatively, Defendants urge dismissal under Rule 12(b)(6) because of the fair use doctrine. Plaintiffs assert that they pleaded the requisite prima facie elements for copyright infringement. Plaintiffs also emphasize that fair use is an affirmative defense, inappropriate for determination under Rule 12(b)(6).

To establish to establish infringement of a copyright, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340 (1991). Ownership consists of: (1) originality in the author; (2) copyrightability of the subject matter; (3) a national point of attachment of the work, such as to permit a claim of copyright; (4) compliance with applicable statutory formalities. Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 13.01 at 13-4 (2005). Defendants do not dispute the second element of copying.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. The Complaint states that "certain of these [1800] photographs [from Doe's "smugmug" account] contain material wholly original and created by NAVY SEAL ONE that is copyrightable," and "NAVY SEAL ONE has registered FOUR (5) [sic]) of the Copyrighted Works" and "at least one of the Registered Works was used by [Defendants]." (Compl. ¶¶ 38-39). Some courts have interpreted Rule 8(a)(2) as requiring that the complaint state which particular work is the subject of a copyright claim. See Gee v. CBS, Inc., 471 F. Supp. 600, 643 (E.D. Pa 1979);

BESPAQ Corp. v. Haoshen Trading Co., 2005 WL 14841 (N.D. Cal. 2005).

Plaintiffs have not clearly pleaded the first element of infringement, ownership of a valid copyright. Merely asserting that, of 1800 photographs in Jane Doe's "smugmug" account, at least one unidentified photograph has been copyrighted by an unidentified "NAVY SEAL ONE"[5] and was distributed by Defendants does not put Defendants or the Court on sufficient notice of the copyright claim. The Complaint does not identify exactly which works Defendants infringed, and Plaintiffs have not indicated when the works were registered. Defendants' implied motion to compel a more definite statement is **GRANTED**. Plaintiffs may amend their Complaint to clarify the allegations concerning the copyrighted items, pursuant to Federal Rule of Civil Procedure 12(e).

Defendants devote many pages of briefing to their argument that their use of the photograph was a non-infringing fair use. However, that issue is inappropriate for determination in a 12(b)(6) motion, since fair use is an affirmative defense to an infringement claim. See Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc., 109 F.3d 1394, 1403 (9th Cir. 1997). Defendants' motion to dismiss the copyright claim on the basis of fair use is **DENIED**.

**B. *Motion to Strike Under California's Anti-SLAPP Statute***

Defendants have also moved to strike claims two, three, and four pursuant to California Code of Civil Procedure § 425.16, California's Anti-SLAPP statute. Disturbed by the increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech, in 1992 the California Legislature enacted § 425.16. That section is known as the Anti-Strategic Lawsuits Against Public Participation ("Anti-SLAPP") statute. Section 425.16 encourages continued participation in matters of public interest, and allows defendants to file a special motion to strike a cause of action based upon an act in furtherance of the right to free speech. § 425.16(b). Church of Scientology v. Wollersheim, 42 Cal.App.4th 628, 648 (Cal. Ct. App. 1996). Once a defendant establishes that the suit arises out of an exercise of free speech, the burden shifts to the plaintiff to present admissible evidence showing a probability

[5] The Complaint insinuates, but does not explicitly state, that SEAL ONE is a plaintiff.

Holding

Holding

Holding

of prevailing on the privacy claims by stating and substantiating a legally sufficient claim. Briggs v. Eden Council for Hope & Opportunity, 19 Cal. 4th 1106, 1123 (1999). A defendant who files a successful Anti-SLAPP motion to strike is entitled to attorneys' fees under section 425.16(c). Lolley v Campbell, 28 Cal 4th 367 (2002).

Most of the significant Anti-SLAPP provisions apply in federal courts to California state law claims. United States ex rel. Newsham v. Lockheed, 190 F.3d 963 (9th Cir. 1999). Lockheed expressly found that subsections (b) (availability of the special motion to strike), and (c) (attorney's fees provision) apply in federal courts. Id. at 1217. However, Lockheed expressed no opinion about the applicability of any other provisions. Id. n.12. In Rogers v. Home Shopping Network, the district court held that subsections (f) (mandating filing of a special motion to strike within 60 days of the complaint) and (g) (staying all discovery proceedings until a ruling on the special motion) are not valid in federal court. 57 F. Supp. 2d 973, 980 (C.D. Cal. 1999).

In Metabolife International, Inc. v. Wornick, the Ninth Circuit quoted with approval language from Rogers: "because the discovery-limiting aspects of § 425.16(f) and (g) collide with the discovery-allowing aspect of Rule 56, these aspects of subsections (f) and (g) cannot apply in federal courts." 264 F.3d 832, 846 (9th Cir. 2001). In Metabolife, the plaintiff company repeatedly argued that it needed to conduct discovery on a particular issue in order to meet its burden in opposing the Anti-SLAPP motion to strike. Id. at 838 n.8. Because the district court denied the plaintiff's request for discovery that the plaintiff claimed was essential for it to oppose the Anti-SLAPP motion, the Ninth Circuit reversed summary judgment that had been granted in favor of the defendants. Id. at 846.

In this case, the parties have represented the facts as essentially uncontested and fully developed. Plaintiffs have not asserted that discovery of any facts within the sole knowledge of Defendants is essential to meet their burden of production under § 425.16. Because discovery is not essential in this case in order to respond to the motion to strike, the burden of establishing a probability of prevailing on a claim still falls upon Plaintiffs. § 425.16(b)(1).

The threshold issue in an anti-SLAPP motion to strike is whether the claims arise from

an act in furtherance of free speech. Matson v. Dvorak, 40 Cal. App. 4th 539, 548 (1995). An act in furtherance of free speech includes written statements made in a public forum in connection with an issue of public interest. § 425.16(e)(3); Briggs, 19 Cal. 4th at 1113-14. Plaintiffs argue that Anti-SLAPP law does not apply to this case because the case involves protecting identities, not chilling speech. However, in M.G. v. Time Warner, detailed above, the court rejected that argument, stating that characterizing the public issue as the narrow question of the molestation victims' identity is too restrictive. 89 Cal. App. 4th at 629. In M.G., the court found the broader topic of child molestation was a public interest sufficient to invoke SLAPP protection. Id. In this case, the broader topic of treatment of Iraqi captives by members of the United States military on this matter of public interest qualifies as a public issue. As already noted, the facial expressions of the Plaintiff SEALs are relevant and probative. The article and unaltered photographs were published in furtherance of Defendants' "right of free speech in connection with a public issue" and thus trigger the application of Anti-SLAPP protections.

After a defendant in a § 425.16 motion has made a prima facie showing that the action arises out of free speech activity, the plaintiff must establish a probability of prevailing on the merits, by demonstrating that the complaint is both legally sufficient and supported by a sufficient prima facie evidence capable of sustaining a favorable judgment. Vogel v. Felice, 127 Cal. App. 4th 1006, 1017 (2005). The standard for evidentiary support in California's courts is somewhat unclear. "Though the court does not weigh the credibility or comparative probative strength of competing evidence ... it should grant the motion if ... the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim." Wilson v. Parker, 28 Cal. 4th 811 (2002).

As discussed at length above, in the section of this order addressing the motion to dismiss the invasion of privacy claims, the Complaint is legally insufficient on its face. The Complaint contains a fatal defect as to all challenged claims: the absence of an offensive or egregious invasion of privacy by Defendants. Plaintiffs' declarations from unrelated members of the news media are wholly insufficient to demonstrate that Defendants acted in an extremely

offensive manner necessary to sustain a claim for invasion of privacy. Although some members of the media might not have chosen to publish the photographs, Defendants' publications violated no law and did not invade Plaintiffs' legally-protected privacy interests, under these circumstances. As a matter of law, locating photographs on the internet and distributing them along with an article addressing an issue of public concern is not offensive behavior.

Another fatal defect for all three privacy claims is Plaintiffs' lack of a reasonable expectation of privacy in their photographs. This defect is not overcome by any evidence submitted by Plaintiffs in opposition to the motion to strike. Because Plaintiffs have not sustained their burden of establishing evidentiary support that shows a probability of succeeding on their privacy claims, claims two, three and four are hereby stricken from the complaint.

**III. Conclusion**

The complaint is deficient on its face and Plaintiffs failed to establish the requisite likelihood that they could prevail on the merits if allowed to proceed with the lawsuit under the circumstances of this case. For the foregoing reasons, Defendants' motions to dismiss and strike the privacy claims pursuant to California Code of Civil Procedure § 425.16 are **GRANTED, with prejudice.** Defendants' motion to compel a more definite statement of the copyright claim pursuant to Federal Rule of Civil Procedure 12(e) is **GRANTED.** Within 30 days of this order, Plaintiffs shall file an amended complaint addressing the copyright claim concerns above.

**IT IS SO ORDERED.**

DATED: 7/7, 2005

Jeffrey T. Miller

JEFFREY T. MILLER
United States District Judge

cc: all parties